IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEE KNOWLIN,

                        Plaintiff,                        ORDER

   v.

                                                 09-cv-531-wmc

JULIANNE WURL-KOTH, Program
Services Director, Department of Corrections;
MARK HEISE, Corrections Services
Manager, Bureau of Offender Classification
and Movement; GERALD KONITZER,
Sector Chief, Bureau of Offender Classification
and Movement;

                        Defendants.

---

      In an order dated October 28, 2010, I granted plaintiff's request for leave to proceed *in forma pauperis* on appeal and assessed him a $1.13 initial partial payment of the $455 filing fee. I asked him to submit a check or money order made payable to the clerk of court in that amount on or before November 4, 2010. Now, plaintiff has filed a motion for an extension of time to pay the initial partial appeal filing fee and to use release account funds to make this payment.

      In his motion, plaintiff asks for an extension of the payment deadline because he was recently transferred from the Prairie du Chien Correctional Institution to the Sanger B. Powers Correctional Center and his trust account statement was not yet transferred to the new institution. Plaintiff's request is reasonable. Therefore his motion for more time will be granted.

      In addition, plaintiff asks the court to order that he be allowed to use his release account funds because he does not have $1.13 in his regular account. The language of 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release

account to satisfy an initial partial payment if no other funds are available, *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005), and the state of Wisconsin has conceded that this provision of the Prison Litigation Reform Act supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account. However, before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Therefore, if sufficient funds do not exist in plaintiff's regular account to pay his initial partial appeal fee, he should be allowed to use his release account to pay the remainder of the assessed amount.

ORDER

IT IS ORDERED that plaintiff Lee Knowlin's motion for an extension of time is GRANTED and the deadline within which plaintiff is to pay the $1.13 initial partial payment of the $455 appeal filing fee is extended to November 30, 2010. If, by November 30, 2010, plaintiff fails to pay the initial partial payment or explain his failure to do so, then I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

Entered this 8th day of November, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge